UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

JAMES POWELL,

     Plaintiff,

v.

CORRECT CARE SOLUTION, ET. AL.,

     Defendants.

Civil Action No. 5:17-397-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

James Powell is an inmate at the Northpoint Training Center, a Kentucky state prison in Burgin, Kentucky. Proceeding without a lawyer, Powell has filed a civil rights complaint [R. 1], as well as a motion for leave to proceed in forma pauperis [R. 3] and a motion asking the Court to appoint him an attorney [R. 5]. While the Court will permit Powell to proceed in forma pauperis, it will deny his request for a lawyer and dismiss his complaint.

In Powell's short complaint, he alleges that he has had a history of medical problems with his ankle and, therefore, has worn "special jungle boots" for support. [R. 1 at 2]. Powell indicates that other correctional institutions have provided him with the special boots, but that the defendants have not given him the boots at Northpoint. [R. 1 at 2-3]. Instead, Powell generically claims the defendants "took them away" and removed information about the boots from his medical records. [R. 1 at 3].

Powell completed and filed an inmate grievance form with the prison. [R. 1-1 at 1-2]. Defendant Stephanie Thompson, a registered nurse, responded by telling Powell, "When you were seen by the provider, she did not feel you were in need of special boots. You were issued ankle

sleeves during that visit. You now state that the ankle sleeves are no help. I will schedule you to see Dr. Clifford for evaluation." [R. 1-1 at 2]. Powell does not dispute the nurse's characterization of events; in fact, although Powell appealed the nurse's response to the prison's healthcare grievance committee, he acknowledged that "the medical provider had stated that I did not need [the special boots] anymore and that I would be issued ankle sleeves." [R. 1-1 at 3]. Powell, however, took exception to that decision, describing it as "one medical provider overrul[ing] the other" while lacking information. [Id.]. The healthcare grievance committee responded by telling Powell, "You have been seen by Dr. Clifford; she will determine your need for boots based on her clinical findings." [R. 1-1 at 4]. Still unsatisfied, Powell sought further administrative review. However, in August 2017, the prison's medical director concurred with the healthcare grievance committee. [R. 1-1 at 7].

Powell then filed a civil rights complaint with this Court. Powell first claims that the defendants were negligent. [R. 1 at 2-3]. Powell also claims that the defendants inflicted cruel and unusual punishment on him in violation of the Eighth Amendment to the Constitution "by not giving [him] the proper treatment that he is entitled to." [R. 1 at 3-4]. That said, Powell characterizes the defendants' actions as "nothing but mere negligence." [R. 1 at 4]. Powell is seeking an unspecified amount of compensatory and punitive damages. [R. 1 at 4].

As an initial matter, the Court will grant Powell's motion for leave to proceed in forma pauperis [R. 3] pursuant to 28 U.S.C. § 1915. The Court will waive the $50.00 administrative fee in this case and will allow Powell to pay the $350.00 filing fee in installments as set forth below. That said, the Court will deny Powell's motion to appoint counsel. [R. 5]. That is because, despite Powell's suggestions to the contrary, he does not have a constitutional right to a lawyer in this civil

case, and this matter does not present the kind of exceptional circumstances that would otherwise justify the appointment of counsel. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

The Court has conducted an initial review of Powell's complaint. *See* 28 U.S.C. § 1915A. With respect to Powell's Eighth Amendment claims, he fails to state a claim upon which relief may be granted. After all, to make out such a claim, Powell would have to show that the defendants acted with deliberate indifference to his serious medical needs. *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Here, even if the Court assumes that Powell's medical needs are serious, there is no indication that any of the defendants acted with deliberate indifference to those needs. Rather, Powell's allegations simply relate to a judgment call about whether he would benefit more from boots or ankle sleeves—a decision that medical officials at the prison are still apparently in the process of making. And while Powell briefly claims that the defendants removed information about boots from his medical records, his submissions demonstrate that he is still receiving medical attention for his ankle. Thus, it is clear that Powell is only taking issue with the adequacy of the treatment he is receiving. That is simply not enough to make out an Eighth Amendment claim of cruel and unusual punishment. *See Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Wright v. Sapp*, 59 F. App'x 799, 801 (6th Cir. 2003); *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003). Thus, the Court will dismiss those claims.

Finally, while Powell has not stated viable claims under the Eighth Amendment, the Court reaches no conclusion as to his negligence claims, which appear to be medical malpractice claims. Instead, the Court simply declines to exercise supplemental jurisdiction over these claims. This is because the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining jurisdiction over those state law claims. *See* 28 U.S.C. §

1367(c)(3); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims").

Accordingly, it is hereby **ORDERED** as follows:

1.  Powell's motion for leave to proceed in forma pauperis [R. 3] is **GRANTED**.

2.  The $50.00 administrative fee in this case is **WAIVED**. That said, 28 U.S.C. § 1915 requires that Powell pay the $350.00 filing fee as set forth below.

3.  Within 28 days from the entry of this order, Powell **MUST PAY** $6.23 to the Clerk of the Court as an initial partial filing fee. 28 U.S.C. § 1915(b)(1)(A).

4.  The Clerk of the Court shall open an account in Powell's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (E.D. Ky. Form 525) with (a) Powell's name, (b) his inmate registration number, and (c) this case number. The Clerk shall then send a copy of this Order and the Notice of Payment Form to the Jailer/Warden of the institution in which Powell is currently confined, as well as the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky.

5.  Each month, Powell's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of Powell's income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall then continue such monthly payments until the entire $350.00 filing fee is paid.

6.  Powell's motion to appoint counsel [R. 5] is **DENIED**.

7.  Powell's Eighth Amendment claims are **DISMISSED**, with prejudice.

8.  Powell's state law negligence claims are **DISMISSED**, without prejudice.

9. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

10. A corresponding judgment will be entered this date.

Dated October 17, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY